UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Elisabeth Cleveland, *on behalf of herself and all others similarly situated*,

Plaintiff,

v.

Whirlpool Corporation,

Defendant.

Case No. 20-cv-1906 (WMW/KMM)

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**

---

This matter is before the Court on Defendant's motion to dismiss.  (Dkt. 27.)  For the reasons addressed below, Defendant's motion is granted in part and denied in part.

## BACKGROUND

Plaintiff Elisabeth Cleveland is a resident of Minnesota.  Defendant Whirlpool Corporation (Whirlpool), a Delaware corporation with its principal place of business in Michigan, designs, manufactures, and sells numerous household appliances, including dishwashers.  This putative class-action lawsuit arises from an allegedly "uniform defect" present in more than 900 dishwasher models manufactured by Whirlpool (Dishwashers).[1] The Dishwashers contain a pump motor diverter shaft seal (Seal) and, according to Cleveland, the Seal is "incorrectly oriented," thereby "expos[ing] a larger portion of the [Seal] to hot, soapy water and debris from dirty dishes."  Because of this defect, Cleveland

---

[1]     Whirlpool-manufactured dishwashers allegedly are sold under other brand names as well.  Throughout this Order, references to "Dishwashers" include Whirlpool-manufactured dishwashers sold under other brand names.

alleges that the Seal's polymer materials degrade more rapidly, debris builds up, the Seal fails to function effectively, and ultimately water flows onto the floor below the Dishwashers. The water leakage begins slowly so consumers are unable to detect the defect "until a complete failure has occurred."

On September 5, 2016, Cleveland purchased a Whirlpool dishwasher. In making her purchase, Cleveland alleges she "relied on Whirlpool's representations that its dishwashers required fewer repairs than other brands of dishwashers, as well as Whirlpool's reputation and . . . she believed she was purchasing a high-quality product." Cleveland alleges that, in June 2020, she observed a "small amount of water leaking underneath" her dishwasher, which increased in subsequent months. In August 2020, a repair technician serviced Cleveland's dishwasher. After inspecting the dishwasher, the repair technician allegedly advised Cleveland that the water leak resulted from a defective Seal, which was a defective product that could not be fixed. Cleveland also alleges that the water leak damaged her tile grout.

On September 4, 2020, Cleveland contacted Whirlpool and reported the defective Seal. Whirlpool advised Cleveland that the company would not replace the dishwasher. That same day, Cleveland commenced this putative class-action lawsuit, which Whirlpool moved to dismiss on October 29, 2020. Cleveland subsequently filed an amended complaint (complaint) on November 25, 2020. The complaint includes nine counts. Counts I and II allege breach of express and implied warranty, respectively. Counts III and IV, pled in the alternative, allege breach of contract and unjust enrichment, respectively.

Counts V–VII allege violations of the Minnesota Consumer Fraud Act (MCFA), the Minnesota Uniform Deceptive Trade Practices Act (MDTPA), and the Minnesota Unlawful Trade Practices Act (MUTPA).  Finally, Counts VIII and IX allege negligence and fraudulent concealment, respectively.  Cleveland seeks both injunctive relief and damages.  Whirlpool moves to dismiss all counts of the complaint for failure to state a claim on which relief can be granted.  *See* Fed. R. Civ. P. 12(b)(6).  Whirlpool also seeks to dismiss Cleveland's fraudulent-concealment claim for failure to meet the heightened pleading standards of Rule 9(b), Fed. R. Civ. P.

## ANALYSIS

A complaint must allege sufficient facts such that, when accepted as true, a facially plausible claim to relief is stated.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If a complaint fails to state a claim on which relief can be granted, dismissal is warranted.  *See* Fed. R. Civ. P. 12(b)(6).  When determining whether a complaint states a facially plausible claim, a district court accepts the factual allegations in the complaint as true and draws all reasonable inferences in the plaintiff's favor.  *Blankenship v. USA Truck, Inc.*, 601 F.3d 852, 853 (8th Cir. 2010).  Factual allegations must be sufficient to "raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).  Mere "labels and conclusions" are insufficient, as is a "formulaic recitation of the elements of a cause of action." *Id.* at 555.  And legal conclusions couched as factual allegations may be disregarded.  *See Iqbal*, 556

U.S. at 678.  Whirlpool argues that Cleveland's claims must be dismissed for failure to state a claim on which relief can be granted.

## I.    Express Warranty (Count I)

Whirlpool seeks to dismiss Cleveland's breach-of-express-warranty claim, arguing that the warranty was never breached.  Because the durational limit on the warranty period is unconscionable, Cleveland argues, the limitation should not be enforced.

Under Minnesota law, to state a claim for breach of express warranty, a plaintiff must allege (1) the existence of a warranty, (2) breach, and (3) a causal link between the breach and the alleged harm.  *Sipe v. Workhorse Custom Chassis, LLC*, 572 F.3d 525, 530 (8th Cir. 2009).  Although the parties dispute the express warranty's applicability, the parties do not dispute its existence.

Whirlpool's express warranty provides that "[f]or one year from the date of purchase, . . . Whirlpool . . . will pay for Factory Specified Replacement Parts and repair labor to correct defects in materials or workmanship that existed when this major appliance was purchased, or at its sole discretion replace the product."[2]  But Cleveland did not notify Whirlpool that she experienced any issues with her dishwasher until nearly four years after the purchase date.  And "case law almost uniformly holds that time-limited warranties do not protect buyers against hidden defects—defects that may exist before, but typically are

---

[2]    Cleveland also alleges that "Whirlpool expressly warrants in its Owner Manuals and User Instructions that the Dishwashers are free from defects for one year."  This allegation is inconsistent with the record.  The express warranty provides that Whirlpool will "correct defects in materials or workmanship," not that Whirlpool's products are defect-free.

not discovered until after, the expiration of the warranty period." *Canal Elec. Co. v. Westinghouse Elec. Co.*, 973 F.2d 988, 993 (1st Cir. 1992) (collecting cases).

Cleveland seeks to avoid the express warranty's one-year limitation by arguing that various terms of the express warranty are unconscionable. Whirlpool disagrees, arguing that the warranty is neither procedurally nor substantively unconscionable.

"Upon finding that a contract was unconscionable at the time it was entered, a court may refuse to enforce the contract, remove the unconscionable clause or limit its application to avoid an unfair result." *In re Estate of Hoffbeck*, 415 N.W.2d 447, 449 (Minn. Ct. App. 1987) (citing Minn. Stat. § 336.2-302(1)). Under Minnesota law, when a plaintiff alleges that a contractual clause is unconscionable, the parties must be afforded a reasonable opportunity to present evidence as to the contractual clause's commercial setting, purpose and effect to aid the court in determining whether to enforce the disclaimer. Minn. Stat. § 336.2-302(2). When doing so on a motion to dismiss, courts consider whether the plaintiff has alleged sufficient facts as to unconscionability. *See McQueen v. Yamaha Motor Corp., U.S.A.*, 488 F. Supp. 3d 848, 865 (D. Minn. 2020); *Podpeskar v. Makita U.S.A. Inc.*, 247 F. Supp. 3d 1001, 1009 (D. Minn. 2017) (denying motion to dismiss plaintiff's express-warranty claim based on finding that plaintiff had sufficiently pleaded unconscionability).

Cleveland's complaint alleges that the Dishwashers contain a defect, that Whirlpool knew about this defect, and that Whirlpool attempted to limit the express warranty in a manner that would exclude coverage of the Seal defect because the purchase

transactions were "tainted by Whirlpool's concealment of material facts."  Such allegations

of unconscionability are sufficient to survive a motion to dismiss.  To the extent that any

argument for dismissal of Count I depends on a determination of unconscionability, a

decision as to this issue is premature until the parties have had an opportunity to submit

evidence as to the disclaimer's commercial setting, purpose, and effect.  *See Johnson v.*

*Bobcat Co.*, 175 F. Supp. 3d 1130, 1144 (D. Minn. 2016).

Accordingly, Whirlpool's motion to dismiss Cleveland's breach-of-express-

warranty claim, Count I, is denied.

## II.     Implied Warranty (Count II)

Whirlpool moves to dismiss Cleveland's breach-of-implied-warranty claim,

arguing that the implied warranty is time-barred.

Minnesota law recognizes implied warranties of merchantability and fitness for a

particular purpose.  Minn. Stat. §§ 336.2-314(1), 336.2-315.  Any claim challenging an

implied warranty of merchantability or fitness fails if the warranty has been disclaimed.

*See* Minn. Stat. § 336.2-316(2).  A manufacturer disclaims an implied warranty of

merchantability by using express language that is conspicuous.  *Id.*; *accord Knotts*, 346 F.

Supp. 3d at 1321–22.  Similarly, an implied warranty of fitness may be disclaimed when

the disclaimer is in "writing and conspicuous."  Minn. Stat. § 336.2-316(2) (explaining that

"[l]anguage to exclude all implied warranties of fitness is sufficient if it states, for example,

that 'There are no warranties which extend beyond the description on the face hereof' ");

*see also* Minn. Stat. § 336.1-201(b)(10) (defining "conspicuous" to include text "in

capitals" and "in contrasting type, font, or color to the surrounding text").  Here, Cleveland does not dispute that Whirlpool's disclaimer of implied warranties is conspicuous.

Notwithstanding Whirlpool's disclaimer, Cleveland argues that Whirlpool's limitation of implied warranties to a one-year period is unconscionable.  Whirlpool contends that its one-year limitation on implied warranties is legally sound because Cleveland had the option to purchase an extended warranty or buy a similar dishwasher from another manufacturer and Minnesota law authorizes merchants to disclaim implied warranties entirely.

As addressed above, under Minnesota law, when a plaintiff alleges that a disclaimer is unconscionable, the parties must be afforded a reasonable opportunity to present evidence as to the disclaimer's commercial setting, purpose and effect to aid the court in determining whether to enforce the disclaimer.  Minn. Stat. § 336.2-302(2).  In the context of a motion to dismiss, courts consider whether the plaintiff has sufficiently alleged unconscionability.  *See McQueen*, 488 F. Supp. 3d at 865; *cf. Podpeskar*, 247 F. Supp. 3d at 1009 (denying motion to dismiss plaintiff's express-warranty claim based on finding that plaintiff had sufficiently pleaded unconscionability).

Cleveland alleges that Whirlpool knowingly sold a product with a latent defect. Because of this knowledge, Cleveland alleges, Whirlpool's attempts to limit its implied warranties are unenforceable.  Similar allegations have been sufficient to survive a motion to dismiss.  *See McQueen*, 88 F. Supp. 3d at 865 (observing that, when a plaintiff alleges unconscionability, the plaintiff must be afforded a reasonable opportunity to present

evidence thereof); *Knotts*, 346 F. Supp. 3d at 1321–22 (same); *Johnson*, 175 F. Supp. 3d at 1144 (same).

Whirlpool responds that the disclaimer is not unconscionable because Cleveland could have obtained an extended warranty or purchased a dishwasher from another manufacturer. But Whirlpool cites no controlling caselaw holding that the presence of such options renders a warranty conscionable, *per se*.[3] And there are no allegations in the record pertaining to Cleveland's ability to purchase other dishwashers.

At this stage in the litigation, Cleveland's allegations of unconscionability are sufficient. Accordingly, the Court denies Whirlpool's motion to dismiss Count II.

### III.   Breach of Contract (Count III)

Whirlpool moves to dismiss Cleveland's breach-of-contract claim, arguing that an express warranty governs the parties' relationship and the breach-of-contract claim merely duplicates Cleveland's warranty claims. Cleveland responds that dismissal is not warranted because the breach-of-contract claim is pled in the alternative. When a breach-of-contract claim mirrors a breach-of-warranty claim, dismissal of the former as duplicative is proper. *Kruger v. Lely N. Am., Inc.*, __ F. Supp. 3d __, 2021 WL 493135, at *3 (D. Minn. Feb. 10, 2021) (citing *Spectro Alloys Corp. v. Fire Brick Eng'rs Co.*, 52 F. Supp. 3d 918, 929–30 (D. Minn. 2014)). Although Cleveland argues that her breach-of-

---

[3]    Moreover, it is unclear whether Whirlpool's purported extended warranty extends the express warranty, the implied warranty, or both. On a motion to dismiss, a district court is limited to the complaint and materials necessarily embraced by the complaint. Neither the complaint nor the express warranty, which is necessarily embraced by the complaint, includes details about an extended warranty option.

contract claim is not duplicative of her breach-of-warranties claims, Cleveland does not identify *how* the claims are distinguishable, nor has the Court discerned a distinction. For this reason, the breach-of-contract claim is dismissed as duplicative.

Whirlpool's motion to dismiss Cleveland's breach-of-contract claim, Count III, is granted.

### IV.     Unjust Enrichment (Count IV)

Similarly, Whirlpool argues that Cleveland's unjust-enrichment claim fails because an express warranty governs the parties' relationship. Cleveland maintains that dismissal of the unjust-enrichment claim is premature.

To state a claim for unjust enrichment under Minnesota law, a plaintiff must allege "that another party knowingly received something of value to which [that party] was not entitled, and that the circumstances are such that it would be unjust for that person to retain the benefit." *Cobb v. PayLease LLC*, 34 F. Supp. 3d 976, 989 (D. Minn. 2014) (internal quotation marks omitted). Because Rule 8(d)(2)–(3), Fed. R. Civ. P., expressly permits a party to plead alternative or inconsistent claims or defenses, courts routinely decline to dismiss unjust-enrichment claims when pleaded in the alternative. *See, e.g.*, *United States v. R.J. Zavoral & Sons, Inc.*, 894 F. Supp. 2d 1118, 1127 (D. Minn. 2012) (concluding that plaintiff "may maintain this [unjust-enrichment] claim as [an] alternative claim for relief under Rule 8 of the Federal Rules of Civil Procedure"); *Cummins Law Office, P.A. v. Norman Graphic Printing Co.*, 826 F. Supp. 2d 1127, 1130 (D. Minn. 2011) (observing that courts "routinely permit the assertion of contract and quasi-contract claims together").

A claim for unjust enrichment fails, however, when there is "no dispute that a written contract governs the at-issue conduct." *HomeStar Prop. Sols., LLC v. Safeguard Props., LLC*, 370 F. Supp. 3d 1020, 1029–30 (D. Minn. 2019).   Indeed, because the existence of an adequate legal remedy bars unjust enrichment recovery, such claims will be dismissed *even if* the claims giving rise to the legal remedy were inadequately pled. *Drobnak v. Andersen Corp.*, 561 F.3d 778, 786–87 (8th Cir. 2009) (explaining that no claim for unjust enrichment lies when an adequate legal remedy exists even if such a remedy were foreclosed by a party's failure to meet the statutory notice and Rule 9(b), Fed. R. Civ. P., pleading requirements); *see also United States v. Bame*, 721 F.3d 1025, 1031 (8th Cir. 2013) (recognizing that "it is the existence of an adequate legal remedy that precludes unjust enrichment recovery" even if "plaintiff failed to pursue adequate legal remedies").

Cleveland argues that, because her unjust-enrichment claim is pleaded in the alternative as a stand-alone claim, it should be permitted to move forward.   But this argument lacks merit.   An equitable claim does not lie when an adequate legal remedy exists. *Loftness Specialized Farm Equip., Inc. v. Twiestmeyer*, 742 F.3d 845, 854 (8th Cir. 2014) (reasoning that the dismissal of an unjust-enrichment claim was legally sound and plaintiffs "were not entitled to plead unjust enrichment in the alternative because the parties' relationships were governed by various contracts," and "[s]o long as an adequate legal remedy exists, equitable remedies like unjust enrichment are not available"). Cleveland does not argue, nor is there a legal or factual basis to conclude, that the express

warranty fails to provide an adequate legal remedy. Therefore, Cleveland's unjust-enrichment claim cannot proceed.

Whirlpool's motion to dismiss Cleveland's unjust-enrichment claim, Count IV, therefore, is granted.

### V.    Negligence (Count VIII)

Whirlpool seeks to dismiss Cleveland's negligence claim on the bases that (1) it is barred by the economic-loss doctrine, (2) Cleveland has failed to allege proximate cause, and (3) that Cleveland has not alleged that the Dishwashers are unreasonably dangerous. Cleveland disagrees.

"Minnesota merges negligence and strict liability claims into a single products liability theory . . . ." *Green Plains Otter Tail, LLC v. Pro-Env't, Inc.*, 953 F.3d 541, 546 (8th Cir. 2020) (quoting *Thompson v. Hirano Tecseed Co.*, 456 F.3d 805, 809 (8th Cir. 2006)).  If the damages sought comprise damages to the product itself, then the economic-loss doctrine bars recovery for tort claims.  *See* Minn. Stat. § 604.10(e).  But if tangible personal property other than the allegedly defective good is damaged, a buyer may bring a product-defect tort.  *See* Minn. Stat. § 604.101, subdiv. 3.

Whirlpool argues that the economic-loss doctrine bars recovery in tort and, therefore, Cleveland's products-liability claim, a tort claim, cannot proceed.  Cleveland alleges that the Seal caused water to leak from her dishwasher onto the floor and damage the tile grout, and that such damage constitutes "harm to the buyer's tangible personal property." *Id.*  For this reason, Cleveland maintains, her products-liability claim survives.

Whirlpool counters that, even if Cleveland has alleged damage to other property, such damage is incidental and is precluded from recovery in tort.

A non-merchant may recover on a claim of damage to "other property" caused by a defective product through a tort or contract action. *Lloyd F. Smith Co., v. Den-Tal-Ez, Inc.*, 491 N.W.2d 11, 15 (Minn. 1992); *see* Minn. Stat. § 604.10(a). "However, to permit a tort action based on minimal damage to other property, as compared to the losses incurred from the damage to the product itself, would subvert the law." *State Farm Mut. Auto. Ins. Co. v. Ford Motor Co.*, 572 N.W.2d 321, 325 (Minn. Ct. App. 1997) (internal quotation marks omitted) (citing *Den-Tal-Ez, Inc.*, 491 N.W.2d at 15). The extent of tile damage is uncertain here. Because of this uncertainty, it is not possible to compare the damages to Cleveland's "other property" with the damages to Cleveland's dishwasher at this stage in the litigation. Accordingly, a conclusion that the damage to the tile grout is "incidental" would be premature.

Whirlpool contends that any tile-grout damage is attributable to a superseding cause, *see Strobel v. Chi., Rock Island & Pac. R.R. Co.*, 96 N.W.2d 195, 200–01 (Minn. 1959), namely Cleveland's failure to attend to the water leak earlier. For this reason, Whirlpool argues, Cleveland fails to allege proximate causation.

Under Minnesota law, an intervening cause may be considered a superseding cause if (1) its harmful effects occurred after the original negligence, (2) it was brought about by the original negligence, (3) it actively worked to bring about a result which would not otherwise have followed from the original negligence, and (4) it would not have been

reasonably foreseeable by the original wrongdoer. *Canada ex rel. Landy v. McCarthy*, 567 N.W.2d 496, 507 (Minn. 1997) (internal citation omitted). Unless all four elements are satisfied, an intervening cause cannot be considered superseding." *Id.* Whirlpool does not address how it has satisfied the four elements required to establish that the purported intervening cause is superseding. Accordingly, Whirlpool fails to establish that dismissal of Cleveland's products-liability claim based on the existence of a superseding cause is warranted.

Finally, Whirlpool argues that Cleveland cannot maintain a products-liability claim because Cleveland has not plausibly alleged that her dishwasher is "unreasonably dangerous." Under Minnesota law, a products-liability claim requires, among other elements, that the allegedly defective product be in "a defective condition, unreasonably dangerous for its intended use." *Fireman's Fund Ins. Co. v. Canon U.S.A., Inc.*, 394 F.3d 1054, 1060 (8th Cir. 2005) (citing *Lee v. Crookston Coca-Cola Bottling Co.*, 188 N.W.2d 426, 432 (Minn. 1971)). Ordinarily, whether a product is defective is a question of fact. *Thompson*, 456 F.3d at 809. It is only when reasonable minds cannot differ that the question is one of law. *Id.* Minnesota law applies the reasonable care balancing test to determine whether a product was designed in a defective condition that is unreasonably dangerous for its intended use. *Trost v. Trek Bicycle Corp.*, 162 F.3d 1004, 1009 (8th Cir. 1998).[4]

---

[4]     Whirlpool argues that Cleveland could have avoided harm by not operating the dishwasher or by calling a repair technician earlier. Whirlpool's argument is misplaced. The reasonable-care balancing test weighs the *manufacturer's* burden of precaution to

Cleveland alleges damages to her dishwasher and floor.  According to Cleveland, Whirlpool placed the dishwashers into the stream of commerce and "created a high risk of unreasonable, dangerous, foreseeable consequences."  At this stage in the litigation, as such a question is typically one of fact, *see Thompson*, 456 F.3d at 809, Cleveland has plausibly alleged that a leaking dishwasher is in a defective condition and unreasonably dangerous for the dishwasher's intended use.

Accordingly, Whirlpool's motion to dismiss Count VIII is denied.

## VI.    Fraud Claims (Counts V–VII, IX)

Cleveland raises both statutory and common-law fraud claims.  When pleading fraud claims, both statutory and common law, "a party must state with particularity the circumstances constituting fraud."  Fed. R. Civ. P. 9(b); *see also E-Shops Corp. v. U.S. Bank Nat'l Ass'n*, 678 F.3d 659, 665 (8th Cir. 2012) (statutory); *Trooien v. Mansour*, 608 F.3d 1020, 1028 (8th Cir. 2010) (common law).  The degree of particularity required by Rule 9(b) depends on the nature of the case.  *E-Shops Corp.*, 678 F.3d at 663.  But conclusory allegations that the defendant's conduct was fraudulent and deceptive do not satisfy Rule 9(b).  *Id.*  Instead, as to the alleged fraud, the complaint must set forth the who, what, when, where, and how.  *Id.*  The primary purpose of this particularity requirement is to enable a defendant to respond and to prepare a defense to the fraud claim.  *Com. Prop.*

---

avoid the harm, *not the consumer's*.  *Trost*, 162 F.3d at 1009 ("The test is an objective standard 'which focuses on the conduct of the manufacturer in evaluating whether its choice of design struck an acceptable balance among several competing factors.' " (quoting *Bilotta v. Kelley Co.*, 346 N.W.2d 616, 622 (Minn. 1984))).

*Invs., Inc. v. Quality Inns Int'l, Inc.*, 61 F.3d 639, 644 (8th Cir. 1995).  Although Rule 9(b) does not require a plaintiff to allege the precise details of every instance of fraud, the complaint must include details that notify the defendant of the core factual basis for the fraud claim.  *Ransom v. VFS, Inc.*, 918 F. Supp. 2d 888, 898 (D. Minn. 2013).

Here, Cleveland raises both statutory (Counts V–VII) and common-law (Count IX) fraud claims.  Whirlpool seeks to dismiss each fraud claim for failure to state a claim, and specifically argues that Cleveland's fraudulent-concealment claim (Count IX) fails to meet the Rule 9(b) pleading standards.  Whirlpool's arguments are addressed in turn.

### A.     MCFA (Count V) and MUTPA (Count VII)[5]

Whirlpool seeks to dismiss Cleveland's claims under the MCFA, Minn. Stat.     § 325F.69 subdiv. 1, and MUTPA, Minn. Stat. §§ 325D.13, 3250.15, claims, arguing that Cleveland fails to (1) identify an actionable false statement, (2) plausibly state a claim based on omissions, (3) plead a causal relationship between any statement or omission and her injury, and (4) plausibly plead a "public benefit."  These arguments are addressed, in turn.

---

[5]     In the complaint, both the MCFA and MUTPA claims reference damages attainable through Minnesota's Private Attorney General statute, Minn. Stat. § 8.31, subdivs. 1, 3a. Therefore, the Court construes Cleveland's complaint as raising both claims pursuant to Minnesota's Private Attorney General statute, rather than as a private litigant.

### 1.   Actionable False Statement

Whirlpool first argues that Cleveland does not identify any statement by Whirlpool that was allegedly false or misleading.  Cleveland counters that she has identified multiple actionable false statements.

"[F]alse descriptions of specific or absolute characteristics of a product and specific, measurable claims of product superiority based on product testing are not puffery and are actionable."  *United Indus. Corp. v. Clorox Co.*, 140 F.3d 1175, 1180 (8th Cir. 1998).

Here, Cleveland identifies the following as false or misleading statements: (1) that the Dishwashers require "fewer repairs" than dishwashers from any other manufacturer, (2) that purchasing or accepting replacement Dishwashers or parts would remedy the problem and (3) that the reported problems with the Dishwashers were not caused by a defect.  These three allegedly false statements are sufficient to survive a motion to dismiss.

Whirlpool also argues that Cleveland fails to identify where or when Whirlpool made the statements at issue or who allegedly made them.  Cleveland maintains that she has satisfied these Rule 9(b), Fed. R. Civ. P., pleading requirements.

Conclusory allegations that the defendant's conduct was fraudulent and deceptive do not satisfy Rule 9(b).  *E-Shops Corp.*, 678 F.3d at 663.  A complaint must identify the "who, what, when, where, and how surrounding the alleged fraud."  *Id.* (internal quotation marks omitted).  Whirlpool challenges only whether the "who," "when," and "where" of the purported fraud have been adequately alleged.

Cleveland alleges that Whirlpool was the party who made the material representations. This establishes the "who" made the allegedly fraudulent statements. Cleveland alleges that Whirlpool made the material representations or omissions when Cleveland and the putative class members researched and purchased the Dishwashers, when Cleveland and the putative class members made their warranty claims, and continuously through the applicable class periods. Although this is a broad period of time, the complaint identifies when Cleveland shopped for and purchased a Whirlpool dishwasher, August through September 6, 2016, as well as the date on which Cleveland contacted Whirlpool via its warranty claims phone number, September 4, 2020. These allegations establish "when" the alleged fraud occurred. Finally, Cleveland alleges that Whirlpool made these representations on its website, in marketing materials, in warranties, in user manuals, on the labeling of the packaging of the Dishwashers, through employees, and through authorized retailers. Such allegations, although broad, establish "where" the allegedly fraudulent statements occurred.

Therefore, Whirlpool's motion to dismiss Cleveland's MCFA and MUTPA claims on the basis that Cleveland fails to satisfy the Rule 9(b) pleading requirements is denied.

### 2. Omissions

Whirlpool argues that Cleveland has not plausibly stated a claim based on an omission. Cleveland disagrees.

An MCFA claim based on an omission requires the plaintiff to prove an omission of a material fact as well as a special circumstance that triggers a duty to disclose.

*Johannessohn v. Polaris Indus., Inc.*, 450 F. Supp. 3d 931, 951 (D. Minn. 2020).[6]  When a party has special knowledge of material facts to which the other party does not have access, the party with knowledge may have a duty to disclose.  *Klein v. First Edina Nat'l Bank*, 196 N.W.2d 619, 622 (Minn. 1972); *see, e.g.*, *Richfield Bank & Trust Co. v. Sjogren*, 244 N.W.2d 648, 651–52 (Minn. 1976).

Here, Cleveland alleges that Whirlpool had special knowledge of the alleged defect in the Dishwashers that Cleveland and other putative class members did not have. Specifically, Cleveland alleges that Whirlpool possessed knowledge of the Dishwashers' defective nature prior to bringing the product to market and disregarded the Seal manufacturer's installation instructions.  As such, Cleveland has plausibly alleged that Whirlpool had actual knowledge of the alleged defect that Cleveland and the other putative class members did not have.

Therefore, Cleveland has plausibly stated an MCFA claim based on fraudulent omissions.

### 3.    Causal Relationship

Whirlpool argues that Cleveland has not plausibly alleged that any pre-sale representation or omission caused her injury.  Cleveland disagrees.

---

[6]    Whirlpool does not cite, and the Court's research has not located, a case holding that omissions are not actionable under the MUTPA absent special circumstances that create a duty to disclose.  However, other states have applied a similar "special circumstances" test under their analogous unfair and deceptive trade practices acts.  *See, e.g.*, *Breeden v. Richmond Cmty. Coll.*, 171 F.R.D. 189, 196 (M.D.N.C. 1997) (finding plaintiff failed to state a claim under the North Carolina Unfair and Deceptive Trade Practices Act based on defendants' lack of knowledge).

"[I]n order to ultimately prove allegations of consumer fraud, the injured element of Minn. Stat. § 8.31, subd. 3a, requires that a private plaintiff prove a causal nexus between the plaintiff's injuries and the defendant's wrongful conduct." *Wiegand v. Walser Auto. Grps., Inc.*, 683 N.W.2d 807, 811 (Minn. 2004) (internal quotation marks omitted). Allegations of reliance are not necessary to state a claim for damages resulting from such a violation. *Id.*

Here, Cleveland alleges that as a direct and proximate result of Whirlpool's false and deceptive representations regarding the Dishwashers, Cleveland suffered actual injuries, including what Cleveland alleges to be a premature failure of her dishwasher as well as water damage to flooring. Such allegations are sufficient to survive a motion to dismiss. *See id.* ("[A] plaintiff need only *plead* that the defendant engaged in conduct prohibited by the statutes and that the plaintiff was damaged thereby." (internal quotation marks omitted)).

Accordingly, Whirlpool's motion to dismiss on this basis is denied.

### 4.     Public Benefit

Whirlpool argues that Cleveland fails to plausibly plead that her lawsuit will confer a public benefit. Cleveland disagrees.

A plaintiff may use Minnesota's Private Attorney General statute, Minn. Stat.     § 8.31 (Private AG Statute), to pursue civil remedies only if the plaintiff can demonstrate that the action serves a public interest or benefit. *Ly v. Nystrom*, 615 N.W.2d 302, 314 (Minn. 2000). Although "the public benefit requirement is not onerous, it is a necessary

element of a plaintiff's cause of action under the [Private AG Statute]." *Select Comfort Corp. v. Tempur Sealy Int'l, Inc.*, 11 F. Supp. 3d 933, 937 (D. Minn. 2014) (citations omitted) (internal quotation marks omitted).

The factors that are necessary to establish a public benefit have not been "definitively delineated" by Minnesota courts. *Id.* (internal quotation marks omitted). But in conducting its analysis, a court may examine "the degree to which the defendants' alleged misrepresentations affected the public; the form of the alleged misrepresentation; the kind of relief sought; and whether the alleged misrepresentations are ongoing." *Id.* (internal quotation marks omitted). These factors are addressed in turn.

### a. Effect on Public

Whirlpool argues that a lawsuit does not confer a public benefit because claims of fraudulent misrepresentation under the MCFA based on a single one-on-one transaction do not have an effect on the public. *See Nystrom*, 615 N.W.2d at 314 (concluding that there is no public benefit when party was defrauded "in a single one-on-one transaction in which the fraudulent misrepresentation . . . was made only to the appellant"). Cleveland alleges that the misrepresentations appeared on Whirlpool's website and in Whirlpool advertisements. A reasonable inference from such allegations is that many people viewed the alleged misrepresentation. Therefore, at least some of the alleged misrepresentations were not limited to a one-on-one transaction.

### b. Form of Representation

Cleveland alleges that Whirlpool included the alleged misrepresentations on its website and in its advertisements. Although allegations of false advertising do not establish a *per se* public benefit, dispelling false advertising *supports* the existence of a public benefit. *See Select Comfort*, 11 F. Supp. 3d at 937–38 (addressing public-benefit requirement under Minnesota law).

### c. Relief

When a plaintiff seeks only damages, courts typically find no public benefit. *Id*. Yet a request for injunctive relief is not dispositive. *Id*. A public benefit ordinarily is found "when the plaintiff seeks relief primarily aimed at altering the defendant's conduct (usually, but not always, through an injunction) rather than seeking remedies for past wrongs (typically through damages)." *Id.* at 938 (quoting *Buetow v. A.L.S. Enters.*, 888 F. Supp. 2d 956, 960 (D. Minn. 2012)). Individual damages enrich or reimburse the plaintiff, they do not advance the public interest. *Id*. Here, Cleveland seeks injunctive relief, among other remedies and, therefore, is not seeking only damages.

Moreover, Cleveland alleges that this lawsuit will confer a public benefit by notifying putative class members and consumers about (1) the "true quality" of the Dishwashers, including that the Dishwashers are defective and will fail before their service life expires, and (2) the possibility of recovering damages.

### d. Ongoing Representations

Cleveland alleges Whirlpool continues to falsely represent through written warranties and manuals that the Dishwashers are free from defect, are of a merchantable

quality, and will perform dependably for years.  Cleveland also alleges that Whirlpool continues to sell, and has not recalled, the Dishwashers.

For all of these reasons, Cleveland has plausibly alleged a public benefit sufficient to survive a motion to dismiss.

Whirlpool's motion to dismiss Cleveland's MCFA and MUTPA claims, Counts V and VII, therefore, is denied.

### B.      MDTPA (Count VI)

Whirlpool argues that Cleveland's MDTPA claim, Minn. Stat. § 325D.44, must be dismissed because she does not adequately allege a threat of future harm to herself and, therefore, lacks standing to seek injunctive relief.

An MDTPA violation exists when, in the course of business, a person "causes a likelihood of confusion or of misunderstanding as to the source, sponsorship approval, or certification of goods or services, causes likelihood of confusion or of misunderstanding as to affiliation, connection, or association with, or certification by, another, or engages in any conduct which similarly creates a likelihood of confusion or of misunderstanding." *Jones v. Capella Univ.*, __, F. Supp. 3d __, 2020 WL 6875419, at *4 (D. Minn. Nov. 23, 2020) (internal quotation marks omitted).  Injunctive relief is the sole remedy under the MDTPA.  *See* Minn. Stat. § 325D.45 subdiv. 1; *Nelson v. Am. Fam. Mut. Ins. Co.*, 262 F. Supp. 3d 835, 862 (D. Minn. 2017), *aff'd*, 899 F.3d 475 (8th Cir. 2018).  A plaintiff asserting a claim under the MDTPA "must allege an irreparable injury or threat of future harm" to the plaintiff.  *Knotts*, 346 F. Supp. 3d at 1328 (citing *Johnson*, 175 F. Supp. 3d at

1141).  Here, as Cleveland has not alleged an irreparable injury, Cleveland must allege a threat of future harm to survive Whirlpool's motion to dismiss.

Cleveland argues that her dishwasher will need to be repaired or replaced, that no available replacement includes a non-defective Seal, and that she "cannot reasonably continue to use the [d]ishwasher as the leaking increases and becomes unmanageable." Taken as true, Cleveland's allegations establish that Cleveland experiences a threat of future harm.  Whirlpool argues that Cleveland lacks standing because she has not alleged that she will purchase another Whirlpool dishwasher.  However, a plaintiff seeking injunctive relief pursuant to the MDTPA need not allege that she will purchase another of the same allegedly defective product.  *See id.* (declining to dismiss MDTPA claim on the basis of failure to plead injunctive relief when the plaintiff made multiple allegations of future harm, none of which were that the plaintiff would buy another car from the defendant manufacturer).

For these reasons, Whirlpool's motion to dismiss Cleveland's MDTPA claim, Count VI, is denied.

### C.    Fraudulent Concealment (Count IX)

Whirlpool also seeks to dismiss Cleveland's fraudulent-concealment claim, Count IX.  To plead a fraud claim under Minnesota law, the complaint must allege fraudulent intent, inducement, reliance and damages.  *Iverson v. Johnson Gas Appliance Co.*, 172 F.3d 524, 529 (8th Cir. 1999).  A claim of fraudulent concealment must be based on an affirmative misrepresentation or a failure to disclose certain facts rendering the facts

disclosed misleading absent a party's special duty to disclose.  *Id.*; s*ee Graphic Commc'ns Local IB Health & Welfare Fund A v. CVS Caremark Corp.*, 850 N.W.2d 682, 696 (Minn. 2014) (observing the "common law rule [is] that an omission is actionable only under special circumstances that trigger a duty to disclose").

Whirlpool argues that Cleveland's fraudulent-concealment claim should be dismissed because the claim, which does not allege misrepresentations beyond Whirlpool's warranty obligations, cannot support an independent tort.  Cleveland disagrees, asserting that her allegations of fraud extend beyond representations in Whirlpool's warranty and, therefore, her fraudulent-concealment claim need not be dismissed.

Fraud is an independent cause of action under Minnesota law when the defendant's breach of contract "constitutes or is accompanied by an independent tort."  *Wild v. Rarig*, 234 N.W.2d 775, 789 (Minn. 1975).  As such, when the fraudulent concealment relates to a promisor's duties under the contract, an independent fraudulent concealment claim will not lie.  *Marvin Lumber & Cedar Co. v. PPG Indus., Inc.*, 223 F.3d 873, 887 (8th Cir. 2000).  Accordingly, "[a] fraud claim independent of the contract is actionable, but it must be based upon a misrepresentation that was *outside of or collateral to the contract*."  *AKA Distrib. Co. v. Whirlpool Corp.*, 137 F.3d 1083, 1086 (8th Cir. 1998) (emphasis added).  And, as a claim sounding in fraud, Cleveland's fraudulent-concealment allegations are subject to heightened pleading standards.  *See* Rule 9(b), Fed. R. Civ. P.  The degree of particularity required by Rule 9(b) depends on the nature of the case.  *E-Shops Corp.*, 678 F.3d at 663.

24

As addressed above, conclusory allegations that the defendant's conduct was fraudulent and deceptive do not satisfy Rule 9(b). *Id.* A complaint must identify the "who, what, when, where, and how surrounding the alleged fraud." *Id.* (internal quotation marks omitted). The primary purpose of Rule 9(b)'s particularity requirement is to "facilitate a defendant's ability to respond and to prepare a defense to charges of fraud." *Com. Prop. Invs., Inc.*, 61 F.3d at 644. As such, Rule 9(b) does not require a plaintiff to allege the precise details of every instance of fraud, as long as the complaint includes details sufficient to inform the defendant of "the core factual basis for the fraud claims." *Ransom*, 918 F. Supp. 2d at 898 (D. Minn. 2013) (internal quotation marks omitted).

Cleveland alleges that on September 4, 2020, a Whirlpool representative orally advised Cleveland that Whirlpool had not received complaints indicating that other customers had experienced Seal-related issues akin to those that Cleveland allegedly experienced. Here, the complaint identifies the "who," the Whirlpool representative; states the "what," that the Whirlpool representative indicated that Whirlpool had not received complaints; alleges the "when," on September 4, 2020; as well as the "where" and the "how," verbally via the telephone. Such allegations meet the Rule 9(b) pleading standards and, as pled, extend beyond the representations made in Whirlpool's warranty because the allegations indicate that Whirlpool misled Cleveland to believe that the Seal was not defective.[7]

---

[7]    Whirlpool cites *Armstrong v. Sumitomo Rubber USA, LLC*, No. 16-2504(DSD/HB), 2016 WL 6883194, at *2 (D. Minn. Nov. 18, 2016), to support the proposition that the September 4, 2020 call did not prevent Cleveland from discovering the facts giving rise to

For these reasons, Whirlpool's motion to dismiss Count IX is denied.

---

her claim.   But *Armstrong* is inapposite.   *Armstrong* addresses *tolling* the statute of limitations because of fraudulent concealment, not a stand-alone claim of fraudulent concealment.   *See Marvin Lumber*, 223 F.3d at 887 (addressing fraudulent concealment as an independent tort pleaded separately from fraudulent concealment as tolling mechanism).

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Whirlpool Corporation's motion to dismiss, (Dkt. 27), is **GRANTED IN PART AND DENIED IN PART** as follows:

1.      Whirlpool's motion to dismiss Counts III and IV is **GRANTED**, and those claims are **DISMISSED WITHOUT PREJUDICE**[8]; and

2.      Whirlpool's motion to dismiss Counts I, II, V, VI, VII, VIII, and IX is **DENIED**.

Dated:  July 27, 2021                                        s/Wilhelmina M. Wright
                                                            Wilhelmina M. Wright
                                                            United States District Judge

---

[8]      Cleveland requests leave to amend her complaint if any counts are dismissed. Cleveland cites no legal or factual grounds for granting this request absent a motion to amend.  As this matter is not properly before the Court, it will not be addressed further.