UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Elisabeth Cleveland et al., | Case No. 20-cv-1906 (WMW/KMM) |
| Plaintiffs, | |
| v. | **ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |
| Whirlpool Corporation, | |
| Defendant. | |

This matter is before the Court on Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement. (Dkt. 70.) Plaintiffs Elisabeth Cleveland, Amy Larchuk, Christopher Redmon, Dhaval Shah and Thomas McCormick (collectively, Plaintiffs) have entered a Settlement Agreement with Defendant Whirlpool Corporation (Whirlpool). The Court has reviewed and considered all materials filed in connection with Plaintiffs' motion, including Plaintiffs' declarations and exhibits and the parties' Settlement Agreement and Release (Settlement Agreement).[1] The Court also has considered the arguments of counsel and the record in this case. As part of the Settlement Agreement, Whirlpool does not object to the certification of the Settlement Class for settlement purposes only. For the reasons addressed below, the Court grants Plaintiffs' unopposed motion for preliminary approval of the class action settlement and preliminary certification of the Settlement Class for settlement purposes only.

---

[1] Unless otherwise stated, all defined terms herein have the meaning given to such terms in the Settlement Agreement.

## BACKGROUND

### I.      Factual and Procedural Background

Plaintiffs filed four putative class-action lawsuits alleging, among other things, that the Class Dishwashers (defined in Section I(I) of the Settlement Agreement) are defective, in that the diverter shaft seal in the Class Dishwashers' sump assembly could allow a leak to develop.  *See Cleveland v. Whirlpool Corp.*, No. 20-cv-1906, Dkt. 1 (D. Minn. Sept. 4, 2020) (Minnesota Action); *Larchuk v. Whirlpool Corp*., No. 2:20-cv-04442-BMS, Dkt. 1 (E.D. Pa. Sept. 10, 2020) (Pennsylvania Action); *Redmon v. Whirlpool Corp.*, No. 1:20-cv-06626, Dkt. 1 (N.D. Ill. Nov. 6, 2020) (Illinois Action); *Shah v. Whirlpool Corp.*, No. 3:21-cv-02739-JD, Dkt. 1 (N.D. Cal. Apr. 16, 2021) (California Action).

On August 20, 2021, with Whirlpool's consent, Plaintiffs filed a Consolidated Amended Complaint (CAC) in this litigation for the purpose of settlement.  The CAC alleges the same defect that was alleged in the complaints filed in the Northern District of Illinois, Eastern District of Pennsylvania, and Northern District of California, and each complaint included multiple claims made on behalf of consumers in the states in which the complaints were filed.

Prior to the proposed settlement, Whirlpool filed motions to dismiss in the Minnesota Action, the Illinois Action and the Pennsylvania Action.  On July 27, 2021, in the Minnesota Action, this Court granted in part and denied in part Whirlpool's motion to dismiss.  In particular, the Court granted without prejudice Whirlpool's motion to dismiss

Cleveland's claims alleging breach of contract and unjust enrichment and denied Whirlpool's motion to dismiss Cleveland's claims alleging breach of express and implied warranty, violations of the Minnesota Consumer Fraud Act (MCFA), the Minnesota Uniform Deceptive Trade Practices Act (MDTPA), and the Minnesota Unlawful Trade Practices Act (MUTPA).

On April 28, 2021, in the Illinois Action, the district court granted in part and denied in part Whirlpool's motion to dismiss, dismissing without prejudice Redmon's claims alleging breach of express warranty beyond the scope of the written product warranty, breach of implied warranty and fraudulent concealment and dismissing with prejudice Redmon's claims for negligence and injunctive relief. The court denied Whirlpool's motion to dismiss Redmon's claims alleging breach of the express warranty as to the product warranty, violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, unjust enrichment, and breach of contract.

In the Pennsylvania Action and the California Action, Larchuk, Shah and McCormick, respectively, voluntarily dismissed their actions prior to an order on Whirlpool's motions to dismiss.

Plaintiffs represent that the parties' Settlement Agreement is the product of zealous litigation and arm's-length negotiations, which included: (1) Plaintiffs' retention of knowledgeable and qualified experts who performed critical analyses regarding the alleged defect and damages at various stages of litigation, and who also assisted with discovery; (2) negotiating a protective order, an order governing electronically stored

information, and other case management orders involving coordination of litigation and schedules across all cases; (3) attending regular case management conferences with United States Magistrate Judge Katherine M. Menendez in this case as well as judges in the Northern District of Illinois, Northern District of California and Eastern District of Pennsylvania; (4) significant fact discovery, which aided the resolution of this action and included serving and responding to interrogatories, requests for production, and third-party retailer discovery; (5) two full-day mediation sessions on April 27, 2021, and April 29, 2021; and (6) several subsequent months of arm's-length negotiations between experienced class-action counsel for both Whirlpool and Plaintiffs, all led by a mediator with substantial experience in class action litigation.

## II. Settlement Terms

### A. The Proposed Settlement Class

The Settlement Agreement contemplates certification of the following Settlement Class for settlement purposes only:

> All persons in the United States and its territories who either (a) purchased a new Class Dishwasher, or (b) acquired a new Class Dishwasher as part of the purchase or remodel of a home, or (c) received as a gift, from a donor meeting those requirements, a new Class Dishwasher not used by the donor or by anyone else after the donor purchased the Class Dishwasher and before the donor gave the Class Dishwasher to the Settlement Class Member.

> Excluded from the Settlement Class are (i) officers, directors, and employees of Whirlpool or its parents, subsidiaries, or affiliates, (ii) insurers of Settlement Class Members, (iii) subrogees or all entities claiming to be subrogated to the rights of a Class Dishwasher purchaser, a Class Dishwasher

owner, or a Settlement Class Member, (iv) persons who acquired an other-than-new Class Dishwasher, (v) issuers or providers of extended warranties or service contracts for Class Dishwashers, and (vi) persons who timely and validly exercise their right to be removed from the Settlement class, as described below.

**B.    Benefits to the Settlement Class**

As described in the Settlement Agreement, the benefits to the Settlement Class include the following compensation structure for Paid Qualifying Repairs or Replacements for Past or Future Diverter Seal Leaks:

1.    for Paid Qualifying Repairs or Replacements in years one (1) or two (2) after manufacture, 100 percent of the Average Cost of Repair ($225.00), a cash rebate of $200 for the purchase of a new KitchenAid-brand dishwasher, or a cash rebate of $150 for the purchase of a new Whirlpool-brand or Maytag-brand dishwasher;

2.    for Paid Qualifying Repairs or Replacements in year three (3) after manufacture, 90 percent of the Average Cost of Repair ($202.50), a cash rebate of $200 for the purchase of a new KitchenAid-brand dishwasher, or a cash rebate of $150 for the purchase of a new Whirlpool-brand or Maytag-brand dishwasher;

3.    for Paid Qualifying Repairs or Replacements in years four (4) or five (5) after manufacture, 80 percent of the Average Cost of Repair ($180.00), a cash rebate of $200 for the purchase of a new KitchenAid-brand dishwasher, or a cash rebate of $150 for the purchase of a new Whirlpool-brand or Maytag-brand dishwasher;

4.    for Paid Qualifying Repairs or Replacements in year six (6) after manufacture, 60 percent of the Average Cost of Repair ($135), a cash rebate of $175 for

the purchase of a new KitchenAid-brand dishwasher, or a cash rebate of $125 for the purchase of a new Whirlpool-brand or Maytag-brand dishwasher;

5.      for Paid Qualifying Repairs or Replacements in year seven (7) after manufacture, 30 percent of the Average Cost of Repair (67.50) or a cash rebate of $100 for the purchase of a new KitchenAid-brand, Whirlpool-brand or Maytag-brand dishwasher; or

6.      for Paid Qualifying Repairs or Replacements in year eight (8) after manufacture, a cash rebate of $100 for the purchase of a new KitchenAid-brand, Whirlpool-brand or Maytag-brand dishwasher.

Settlement Class Members who have experienced a Past Diverter Seal Leak within eight years after manufacture, and who submit a valid claim to the Settlement Administrator within 180 days of the Notice Date, will be entitled to reimbursement for a Paid Qualifying Repair or Replacement based on the above schedule.  Settlement Class Members who experience a Future Diverter Seal Leak, which is a leak that occurs after the Notice Date but within eight years of manufacture of their Dishwasher, and who submit a valid claim to the Settlement Administrator within 90 days of the diverter seal leak, will be entitled to reimbursement for a Paid Qualifying Repair or Replacement based on the above schedule.

### C.      Settlement Administrator and Administration Costs

The proposed Settlement Administrator is Angeion Group (Angeion), a leading class action administration firm in the United States.  Whirlpool has agreed to pay for

reasonable Administration and Notice expenses. Whirlpool's payment of notice and administration expenses is entirely separate and apart from the benefits provided to the Settlement Class and will have no impact on the recovery received by Settlement Class Members.

### D. Class Member Release

As further defined in Section IX of the Settlement Agreement, in exchange for the benefits conferred by the Settlement Agreement, all Settlement Class Members will be deemed to have released the Releasees from all claims that were or could have been asserted by the Class Representatives or Settlement Class Members, through the date of this Order, arising out of or relating to the diverter motors, diverter shafts, diverter shaft seals, and sump assemblies featuring those parts that are alleged to have the potential to result in a leak from the Dishwasher. The release, however, will not extinguish, and the Released Claims do not include, claims for personal injury or for damage to property other than to the Class Dishwasher itself.

### E. Proposed Notice Plan

The Notice Plan will include notices substantially in the form of Exhibits 4–6 to the Settlement Agreement.

The Settlement Agreement requires the parties to notify Settlement Class Members of the Settlement by (a) emailing the notice to all members of the Settlement Class for whom valid email addresses are known to Whirlpool; (b) mailing, by first class United States mail, Postcard Notice to all Settlement Class Members for whom

Whirlpool only has a physical mailing address; and (c) mailing, by first-class United States mail, the Long Form Notice to those Settlement Class Members requesting a copy thereof. The Settlement Administrator also will utilize a reverse look-up service to obtain additional email addresses and email the Summary Notice to all members of the Settlement Class for whom an email can be identified through the reverse look-up service. The Settlement Administrator also will perform a national change-of-address search and forward notice packages that are returned by the United States Postal Service with a forwarding address.

In addition, the Settlement Administrator will create a Settlement Website that will include all necessary and pertinent information for Settlement Class Members, including (1) the Long Form Notice in downloadable PDF format in both English and Spanish; (2) a claim form allowing Settlement Class Members to submit claims online, including uploading any necessary documentation; (3) a contact information page with contact information for the Settlement Administrator and addresses and telephone numbers for Class Counsel and Defendant's Counsel; (4) the Settlement Agreement; (5) the signed Preliminary Approval Order and publicly filed motion papers and declarations in support thereof; (6) the Consolidated Amended Complaint; (7) upon filing, the Fee and Service Award Application, the motion for entry of the Final Approval Order, and any motion papers and declarations filed publicly in support thereof; and (8) relevant deadlines, including deadlines to opt-out or object to the Settlement Agreement.

Among other items, the Class Notice will include the following information: (1) a plain and concise description of the Action and the proposed Settlement; (2) the right of Settlement Class Members to request exclusion from the Settlement Class or to object to the Settlement; (3) specifics as to the date, time and place of the Final Approval Hearing; and (4) information regarding Class Counsel's anticipated fee application and the anticipated request for the Class Representatives' service award

Prior to the dissemination of the Class Notice, the Settlement Administrator also shall establish a toll-free telephone number, through which Class Members may obtain information about the Litigation, obtain answers to frequently asked questions, and request a mailed copy of the Long Form version of the Class Notice and Claim Form, pursuant to the terms and conditions of the Settlement Agreement.

The Notice program provides the necessary information for Settlement Class Members to make an informed decision regarding the proposed Settlement.  Accordingly, the form and manner of notice proposed here fulfills all the requirements of Rule 23, Fed. R. Civ. P., and due process.

### F.      Opt-Outs and Objections

The Class Notice will advise Settlement Class Members of their right to (1) opt out of the Settlement or (2) to object to the Settlement and/or to Class Counsel's application for attorneys' fees, costs and expenses and/or Service Award to the Class Representative, and will advise Settlement Class Members of the associated deadlines to opt out or object.

Settlement Class members who choose to opt out must submit a written request for exclusion, which must be postmarked no later than 91 days following the entry of the Preliminary Approval Order, which deadline shall be set forth in the Summary Notice, FAQ, and Publication Notice.  Each Class Member wishing to be excluded from the settlement shall request from the Settlement Administrator a Request for Exclusion in which the Class Member shall include his or her name, email address and mailing address together with the model number and serial number of his or her Class Dishwasher.  Any Settlement Class Member who does not submit a request to opt out in accordance with the applicable deadlines and other requirements will be bound by the Settlement absent a court order to the contrary.

Settlement Class Members who wish to object to the Settlement must mail a written objection, postmarked no later than 91 days following the entry of the Preliminary Approval Order.  Objections must be served on Class Counsel and counsel for Whirlpool by the stated deadline.  Any objections must include (1) the Class Member's full name and current address and telephone number; (2) the model number and serial number of the Class Dishwasher the Class Member owns or owned; (3) a description of all of the Class Member's objections, the specific reasons therefore, and any and all supporting papers, including, without limitation, all briefs, written evidence, and declarations; and (4) the Class Member's signature.  Class Members submitting objections who wish to appear either personally or through counsel at the Final Approval Hearing and present their objections to the Court orally must include a written statement of intent to appear at

the Final Approval Hearing in the manner prescribed by the Notice.  The objector also must comply with the Local Rules of the District of Minnesota and promptly file a Certification of Interested Entities or Persons on the docket.

Any Settlement Class Member who has not submitted a timely request for exclusion may appear at the Final Approval Hearing either in person or through an attorney.  However, if the Settlement Class Member intends to present an objection to the Court at the Final Approval Hearing, the Settlement Class Member must have submitted a written objection pursuant to this section.  Any attorney who intends to appear at the Final Approval Hearing also must enter a written Notice of Appearance of Counsel with the Clerk of the Court no later than the Response Deadline.  Any Settlement Class Member who intends to request the Court to allow him or her to call witnesses at the Final Approval Hearing must make such a request in a written brief that contains a list of such witnesses and a summary of their requested testimony.

No person who has opted out of the Settlement may object to it.  Any Settlement Class Member who does not provide a timely written objection or who does not make a record of his or her objection at the Final Approval Hearing shall be deemed to have waived any objection and shall forever be foreclosed from making any objection to the fairness, reasonableness or adequacy of the proposed Settlement, the Fee and Service Awards Application, or the Fee and Expense Award or Service Awards.

### G.     Attorneys' Fees and Costs and Service Awards

The Settlement Agreement contemplates Class Counsel petitioning the Court for attorneys' fees, as well as documented, customary costs incurred by Class Counsel. The Settlement Agreement provides that Class Counsel may seek $1,500,000 for attorneys' fees, costs and Class Representative service awards. This amount represents approximately 7 percent to 9.5 percent of the $15.71 to $21.33 million value of the Settlement as estimated by Plaintiffs' expert, Frank Bernatowicz, detailed in Exhibit 2 to Plaintiffs' motion for preliminary approval of the settlement agreement. Whirlpool's payment of fees and costs to Class Counsel is entirely separate and apart from the benefits provided to the Settlement Class and will have no impact on the recovery received by Settlement Class Members.

On or before 70 days after entry of the Preliminary Approval Order, Class Counsel will file a petition for attorneys' fees and costs explaining why the requested Fee and Expense Award is reasonable. Class Counsel will provide lodestar information sufficient for the Court to perform a lodestar cross-check should the Court choose to exercise its discretion to perform one.

Class Counsel also may petition the Court for up to $2,500 for each Plaintiff as Service Awards as compensation for their time and effort in the Action. Payment of service awards is entirely separate and apart from the benefits provided to the Settlement Class and will have no impact on the recovery received by Settlement Class Members.

Any issues relating to attorneys' fees and costs or any Service Award will be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement Agreement and the Settlement. The final approval of the Settlement is not contingent on the approval of the full amount of the requested fees, costs or service awards.

## ANALYSIS

### I.      Legal Standard

Court approval of a class action settlement is within the sound discretion of the district court. Fed. R. Civ. P. 23(e). The procedure for judicial review of a proposed class action settlement proceeds in two stages. First, "before scheduling the fairness hearing, the court makes preliminary determinations with respect to the fairness of the settlement terms, approves the means of notice to class members, and sets the date for that final hearing." *Schoenbaum v. E.I. Dupont De Nemours & Co.*, No. 4:05CV01108 ERW, 2009 WL 4782082, at *2 (E.D. Mo. Dec. 8, 2009); *see also Liles v. Del Campo*, 350 F.3d 742, 746 (8th Cir. 2003) (observing that after preliminary settlement approval, "[s]everal steps remain before the district court finally approves class certification and any settlement"). "Because class members will subsequently receive notice and have an opportunity to be heard on the settlement, [a] Court need not review the settlement in detail at [the preliminary approval stage]; instead, preliminary approval is appropriate so long as the proposed settlement falls within the range of possible judicial approval." *In re M.L. Stern Overtime Litig.*, No. 07-CV-0118-BTM (JMA), 2009 WL 995864, at *3

(S.D. Cal. Apr. 13, 2009) (internal quotation marks omitted); *see also Martin v. Cargill, Inc.*, 295 F.R.D. 380, 383 (D. Minn. 2013) ("At the preliminary-approval stage, the fair, reasonable, and adequate standard is lowered, with emphasis only on whether the settlement is within the *range* of possible approval due to an absence of any glaring substantive or procedural deficiencies." (internal quotation marks omitted)).

To grant preliminary approval and justify providing notice to the Settlement Class, the district court must conclude that the proposed Settlement is fair, reasonable, and adequate. *See* Manual for Complex Litigation (Fourth) § 21.632 (2004). Such a finding "is at most a determination that there is what might be termed 'probable cause' to submit the proposal to class members and hold a full-scale hearing as to its fairness." *In re Traffic Exec. Ass'n-E. R.R.s*, 627 F.2d 631, 634 (2d Cir. 1980); *In re Zurn Pex Plumbing Prods. Liab. Litig.*, No. 08-MDL-1958 ADM/AJB, 2012 WL 5055810, at *5 (D. Minn. Oct. 18, 2012) (finding that "there is probable cause to submit the proposal to class members and hold a full-scale hearing as to its fairness" (internal quotation marks omitted)).

## II.     Findings of Fact, Conclusions of Law, and Order

### A.     The Settlement Agreement Warrants Preliminary Approval

The Court finds, on a preliminary basis, that the Settlement Agreement appears to be within the range of reasonableness of a settlement that could ultimately be given final approval by this Court.

1.     The record reflects that the parties engaged in zealous litigation of the issues, exchanged both formal and informal discovery, and vigorously negotiated the settlement over the course of several months.  Thus, it appears to the Court that the Settlement was negotiated at arms' length, affording it the presumption that it is fair and reasonable.  *See Grove v. Principal Mut. Life Ins. Co.*, 200 F.R.D. 434, 445 (S.D. Iowa 2001).  Moreover, there is no evidence of collusion or that Class Counsel placed their interests above those of the Settlement Class when negotiating this Settlement.  The material terms of the Settlement were agreed to prior to the Parties' discussion of attorneys' fees, costs and expenses, and any attorneys' fees, costs and expenses awarded will be in addition to the relief provided to Settlement Class Members under the Settlement Agreement.

2.     It appears to the Court that Settlement of this Action will conserve judicial resources and the resources of the Parties.  In addition, the parties have actively litigated the legal issues and exchanged substantial data and documents to permit Class Counsel and the Court to thoroughly evaluate the Settlement against the risks and benefits of continued litigation.

3.     Based on the Court's review of the record, the manner of negotiation, and the Settlement Agreement, the Court concludes the Settlement is fair, adequate, and reasonable when balanced against the probable outcome of further litigation, liability, and damages, and the potential appeals of rulings.  Pursuant to the Settlement, with the extended service plan benefits, Settlement Class Members will be entitled to

reimbursement of out-of-pocket costs in an amount up to the average cost of repair of the alleged defect of $225, as described in Section IV of the Settlement Agreement, which details the tiered relief offered to Settlement Class Members depending on the age of their Dishwasher. *Cf. Holden v. Burlington N., Inc.*, 665 F. Supp. 1398, 1414 (D. Minn. 1987) (observing that "many of the immediate and tangible benefits" of settlement would be lost through continued litigation, making the proposed settlement "an attractive resolution" of the case).

4.      It appears to the Court that the Class Representatives and Class Counsel have adequately represented the proposed Settlement Class. *See* Fed. R. Civ. P. 23(e)(2)(a). Class Counsel each have more than a decade of experience in complex litigation and litigation involving defective products. The Class Representatives also have supervised the litigation by reviewing pleadings, regularly communicating with Class Counsel regarding the litigation, and providing substantive documents as part of discovery.

5.      It also appears to the Court that the terms of the proposed award of attorneys' fees and expenses and service awards are fair and reasonable. However, before final approval, Class Counsel shall file a separate motion seeking approval of attorneys' fees and expenses and service awards, in an amount not to exceed $1,500,000.00. In this submission, Class Counsel will set forth the specific legal and factual bases for their request for attorneys' fees and expenses and provide lodestar information.

**B.      Certification of the Settlement Class for Settlement Purposes**

On a motion for preliminary approval, the parties also must show that the Court "will likely be able to . . . certify the class for purposes of judgment on the proposal." Fed. R. Civ. P. 23(e)(1)(B)(ii). The Court finds, for purposes of settlement only, that the Settlement Class satisfies the requirements of Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

1.      It appears to the Court, for purposes of settlement only, that the proposed Settlement Class is sufficiently numerous that joinder would be logistically impossible. The proposed Settlement Class consists of approximately 6,700,000 Settlement Class Members. Thus, the numerosity requirement is satisfied.

2.      It appears to the Court, for purposes of settlement only, that there is a commonality of interests among the Settlement Class Members, including the following common questions of law and fact: (1) whether the Class Dishwashers suffer from a uniform design or manufacturing Defect that causes them to leak; (2) whether Whirlpool had a duty to disclose the alleged Defect to consumers; (3) whether Whirlpool's warranty limitations on Settlement Class Dishwashers were unconscionable or otherwise unenforceable; (4) whether the alleged Defect in the Class Dishwashers is material to a reasonable consumer; (5) whether, as a result of Whirlpool's concealment or failure to disclose material facts, Plaintiffs and Settlement Class Members acted to their detriment by purchasing Class Dishwashers manufactured by Whirlpool; (6) whether Whirlpool was aware of the Defect; (7) whether Whirlpool breached express warranties with respect

to the Class Dishwashers; (8) whether Whirlpool has a duty to disclose the defective nature of the Class Dishwashers to Plaintiffs and Settlement Class Members; and (9) whether Plaintiffs and Settlement Class Members are entitled to equitable relief. For these reasons, the predominance requirement of Federal Rule of Civil Procedure 23(b)(3) is satisfied for settlement purposes.

3.      It appears to the Court, for purposes of settlement only, that the Class Representatives' claims are typical of those of the Settlement Class Members. The Class Representatives' claims arise from the same alleged course of conduct as those of the Settlement Class Members. Thus, the typicality requirement is satisfied.

4.      For purposes of settlement only, the Court finds that the proposed Class Counsel are competent and capable of exercising their responsibilities and that they and the proposed Class Representatives have fairly and adequately represented the interests of the Settlement Class. Therefore, the Court appoints as Class Counsel for the Settlement Class: Harper Segui and Rachel Soffin of Milberg Coleman Bryson Phillips Grossman, LLP. The Court also appoints Plaintiffs Elisabeth Cleveland, Amy Larchuk, Christopher Redmon, Dhaval Shah and Thomas McCormick as Class Representatives for the Settlement Class in this Action.

5.      For purposes of settlement only, a class action is a superior method of resolving the claims of the Settlement Class Members, which are of modest amounts.

### C.      The Proposed Notice Plan is Approved

Due process under Rule 23 requires that class members receive notice of the settlement and an opportunity to be heard and participate in the litigation.  *See* Fed. R. Civ. P. 23(c)(2)(B); *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985); *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 175 (1974) ("[I]ndividual notice must be provided to those class members who are identifiable through reasonable effort.").  The mechanics of the notice process are left to the discretion of the district court, subject only to the broad "reasonableness" standards imposed by due process.  *See Tapia v. Zale Del. Inc.*, No. 13cv1565-PCL, 2017 WL 1399987, at *4 (S.D. Cal. Apr. 18, 2017); *see also Rosenburg v. I.B.M.*, No. CV06–00430PJH, 2007 WL 128232, *5 (N.D. Cal. Jan. 11, 2007) (providing that notice should inform class members of essential terms of settlement, including claims procedures and the right to accept, object or opt-out of settlement).

It appears to the Court that the proposed Notice Plan described herein, and detailed in the Settlement Agreement, comports with due process, Rule 23, and all other applicable law.  Class Notice consists of email notice and postcard notice when email addresses are unavailable, which is the best practicable notice under the circumstances. *See, e.g.*, *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 946 (9th Cir. 2015) (finding that notice satisfied due process and Rule 23(e) when an initial email notice was supplemented by a postcard notice to those whose emails bounced back).

In addition, under Rule 23(e), notice to class members "must generally describe the terms of the settlement in sufficient detail to alert those with adverse viewpoints to

investigate and to come forward and be heard." *Lane v. Facebook, Inc.*, 696 F.3d 811, 826 (9th Cir. 2012) (internal quotation marks and alterations omitted). The Court finds that substance of the proposed Class Notice fully apprises Class Members of their rights. The Class Notice contains all of the necessary information required to inform Class Members of their rights under the Settlement and directs them to the Settlement Website, where they can obtain more detailed information. In addition, Class Members will be provided a toll-free number to call with questions. Thus, the Court finds that the proposed Notice Plan is fair and reasonable.

### III.    Schedule and Procedures

The Court orders the following schedule and procedures for disseminating the Notice, requesting exclusion from the Settlement Class, objecting to the Settlement, filing the Fee and Service Award Application, and filing the motion for final approval:

| Date | Event |
|---|---|
| 42 days after entry of the Preliminary Approval Order | Settlement Administrator to cause Email Notice to be sent to Settlement Class Members with email addresses |
| 42 days after entry of the Preliminary Approval Order | Settlement Administrator to cause Postcard Notice to be sent to Settlement Class Members without email addresses |
| 49 days after entry of the Preliminary Approval Order | Settlement Administrator to establish Settlement Website and toll-free telephone line |
| 70 days after entry of the Preliminary Approval Order | Deadline for Class Counsel to file Fee and Service Award Application |
| 91 days after entry of the Preliminary Approval Order | Response Deadline (deadline to request exclusion or file objections) |
| 105 days after entry of the Preliminary Approval Order | Deadline to file motion for final approval |
| 14 days before Final Approval Hearing | Deadline to respond to objections |
| **May 26, 2022, at 9:00 a.m.** | Final Approval Hearing |

### IV.    Final Approval Hearing

The Court will hold a Final Approval Hearing for a final determination of whether the proposed Settlement is fair, reasonable, and adequate.  The Final Approval Hearing will be held in Courtroom 7A of the Saint Paul Courthouse on May 26, 2022 at 9:00 a.m. At the Final Approval Hearing, the Court also will consider Class Counsel's motion for approval of attorneys' fees and expenses and Class Representative service awards.  Any Class Member who follows the procedures set forth in the Settlement Agreement may appear and be heard at the Final Approval Hearing.  The Final Approval Hearing may be continued or rescheduled without further notice to the Settlement Class.

### V.    Other Provisions

Class Counsel and Whirlpool are authorized to take, without further Court approval, all necessary and appropriate steps to implement the Settlement, including the proposed Notice Plan and confirmatory discovery.  The deadlines set forth in this Order may be extended by Order of the Court without further notice to Settlement Class Members, except that notice shall be posted on the Settlement Website.  Settlement Class Members should check the Settlement Website regularly for updates and further details regarding the deadlines.  Exclusions and objections must meet the deadlines and follow the requirements set forth in the approved Class Notice to be valid, although the Court will accept exclusions and objections deemed to be in substantial compliance.

If for any reason the Court does not execute and file an Order of Final Approval, or if the Effective Date does not occur for any reason, the parties will be restored to the *status quo ante* as set forth more specifically in the Settlement.

Pending final approval, no Class Member, directly, representatively, or in any other capacity (other than a Class Member who validly and timely elects to be excluded from the Settlement Class), shall commence, continue, or prosecute against Whirlpool, or any of the Released Parties, any action or proceeding in any court or tribunal asserting any of the matters, claims, or causes of action that are to be released upon final approval pursuant to the Settlement Agreement, and are hereby enjoined from so proceeding. Upon final approval, all Class Members who have not previously filed a timely request for exclusion shall be forever enjoined and barred from asserting any of the matters, claims, or causes of action released pursuant to the Settlement Agreement, and any such Class Members will be deemed to have forever released any and all such matters, claims, and causes of action as provided for in the Settlement Agreement.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED**:

1.    Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement, (Dkt. 70), is **GRANTED**.

2.    The proposed Settlement Class is certified for settlement purposes only pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure.

3.     The proposed Settlement is preliminarily approved as being fair, reasonable and adequate pursuant to Rule 23(e) of the Federal Rules of Civil Procedure.

4.     Plaintiffs Elisabeth Cleveland, Amy Larchuk, Christopher Redmon, Dhaval Shah and Thomas McCormick are appointed as Class Representatives.

5.     Harper Segui and Rachel Soffin are appointed as Class Counsel.

6.     Whirlpool is ordered to provide the Settlement Class Member List, including email addresses when available, to the Settlement Administrator, who is ordered to follow the confidentiality provisions set forth in the Settlement Agreement with respect to such information.

7.     The proposed Notice Plan complies with the requirements of Rule 23, Fed. R. Civ. P., and due process, and Class Notice is to be sent to the Settlement Class Members as set forth in the Settlement Agreement and pursuant to the deadlines above.

Dated:  December 16, 2021                          s/Wilhelmina M. Wright
                                                   Wilhelmina M. Wright
                                                   United States District Judge